-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT GEDDES,

        Plaintiff,

  -v-                                      13-CV-0986S
                                                  **ORDER**
BRIAN FISCHER, DOCCS,

        Defendant.

---

## INTRODUCTION

Plaintiff/Petitioner ("petitioner"), Scott Geddes, an inmate at the Attica Correctional Facility filed what he styled as an "Ex Parte Application In the Matter of the Application of Scott Geddes Pursuant to All Writs Act, 28 U.S.C. § 1651, Court's Inherent Power" ("Petition"), seeking, primarily, that the Court order a criminal investigation into petitioner's allegations of corruption and a conspiracy to defraud and to violate his and other inmates' constitutional rights who work at Corcraft Attica, including a "conspiracy of theft, conspiracy to commit assault [and] conspiracy to defraud: major fraud." (Docket No. 1, Petition at 1). Petitioner alleged that a Correctional Officer threatened him for "ratting" on people and told other inmates that no one would be allowed to be bring food out of the shop until petitioner was punched in the face. (Id. at 1-2). Petitioner requested a criminal investigation into his allegations that "his life and limb are under threats, many inmates are placed in peril by failure to

adhere to OSHA [and] EPA standards, and conspiracies to violate Corcraft inmate's [sic] due process and civil rights to fair pay, bonus pay, by enterprise corruption and scheme to defraud." (Id. at 2).

Petitioner also filed a number of documents along with his Petition, including but not limited to an "Affidavit in Support of Order to Show Cause Pursuant to 18 U.S.C. § 1361," a "Motion for Mandamus Writ Pursuant to 18 U.S.C. § 1361," and a number of exhibits. (Docket No. 1). These documents alleged what petitioner claimed was an "inmate training program/prison plantation entitled Corcraft" and violations of various federal and state statutes, including OSHA, EPA, NLRA, New York Corrections and Labor Law, and FLSA. Petitioner sought an order directing Respondent/Defendant, Brian Fischer, and the New York State Department of Corrections and Community Supervision ("DOCCS") to show cause why a writ of mandamus compelling DOCCS to adhere to these statutes and their rules and regulations should not issue.

Upon the filing of petitioner's initial documents and an application in support of a motion to proceed as a poor person ("Docket No. 2), the Court entered an order initially construing the Petition as a Complaint under 42 U.S.C. § 1983,[1] and, because

---

[1] "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation, internal quotation marks and emphasis omitted). In ensuring justice for pro se litigants, "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in

2

the affidavit in support of the application to proceed as a poor person did not include, *inter alia*, a signed Prison Authorization authorizing the institution in which petitioner was confined to pay the full $350.00 filing fee as required pursuant to 28 U.S.C. § 1915(b)(1)-(4), denied the application to proceed as a poor person. The Clerk of the Court was directed to administratively close this action without prejudice to petitioner's right to reopen upon the filing of the requisite Prison Authorization or payment of the filing fee. (Docket No. 4).

In response to said Order, however, petitioner, rather than filing the requisite Prison Authorization in order to re-open the action, submitted a letter to the Court (1) alleging that DOCCS and Corcraft are engaging in a criminal conspiracy with respect to a DOCCS employee who is a whistle blower regarding poor conditions, (2) stating that he has not exhausted his administrative remedies in order to pursue a claim under 42 U.S.C. § 1983, and (3) requesting that he be granted permission to appeal to the Court of Appeals or, in the alternative, that his petition for a writ of mandamus and all other writs be withdrawn and all his papers returned to him.

Accordingly, because the petitioner has not submitted a Prison Authorization or paid the requisite filing fee as required to re-

---

order to place it within a different legal category." Castro v. United States, 540 U.S. 375, 381 (2003).

open this action, and because the petitioner requests that his petition be withdrawn without prejudice, the instant action is dismissed without prejudice. See Fed.R.Civ.P. 41(a)(1)(A).

IT IS HEREBY ORDERED that the instant action is dismissed without prejudice and the Clerk of the Court is directed to return to petitioner the original "Ex Parte Application In the Matter of the Application of Scott Geddes Pursuant to All Writs Act, 28 U.S.C. § 1651, Court's Inherent Power," and all documents attached thereto (Docket No. 1);

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated: February 28, 2014
Rochester, New York